**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEBBIE JANOPOULOS,<br><br>Plaintiff,<br><br>v.<br><br>MONTGOMERY WARD, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:17-cv-02049<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes DEBBIE JANOPOULOS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MONTGOMERY WARD, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 54 year-old natural person residing at 1300 South Gunderson Avenue, Berwyn, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a catalog and online retailer offering household goods to customers on a nationwide basis. Defendant's principal place of business is located at 1112 7th Avenue, Monroe, Wisconsin. Defendant regularly conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In 2016, Plaintiff obtained a consumer credit card issued through Defendant which she used to purchase household goods for her family.

10. In approximately October 2016, Plaintiff began receiving calls to her cellular phone, (708) XXX-3971, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3971. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. The phone number that Defendant has most often used when calling Plaintiff's cellular phone is (877) 621-3550.

13. Upon information and belief, the phone number ending in 3550 is regularly utilized by Defendant to contact consumers in Illinois during its debt collection activities.

14. When answering calls from Defendant, Plaintiff often experiences several audible "clicks" and a slight pause before a live representative begins to speak.

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was attempting to collect upon an outstanding debt.

16. Plaintiff has demanded that Defendant stop calling her on the following dates, including but not limited to:

a. November 14, 2016
b. November 21, 2016
c. November 25, 2016

17. Despite Plaintiff's multiple demands, Defendant continued to regularly call her cellular phone up until February 2017.

18. Even after being told to stop contacting her, Defendant called Plaintiff's cellular phone multiple times during the same day.

19. When Plaintiff does not answer Defendant's phone calls, it leaves her a pre-recorded voice message on her cellular phone.

20. Plaintiff has received at least 52 calls from Defendant after asking it to stop calling her.

21. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in costs and expenses.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $67.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

23. Plaintiff has been unfairly harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The audible "clicking" noise and brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was being utilized.

28. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her multiple demands to cease contact.

29. The calls placed by Defendant to Plaintiff were regarding attempted business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DEBBIE JANOPOULOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

33. Defendant's attempted collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

34. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

35. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's numerous requests and continued to contact her, systematically calling her cellular phone multiple times during the same day, and not less than 52 times in just over a two-month span. Following its characteristic behavior in placing voluminous collection phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and make a payment. Defendant ignored Plaintiff's prompts to cease its calls and continued to seek payment from her.

36. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing multiple calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that she does not wish to be contacted.

37. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. Defendant conducts the above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

39. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40. As pled in paragraphs 20 through 24, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff told Defendant to stop calling her not less than three times. Despite these pleas, Defendant intentionally contacted her at least 52 times with multiple attempts in a single day. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, DEBBIE JANOPOULOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 15, 2017

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com